COGSWELL HALL, INC., APPELLANT, *v.* KINNEY, COMMR., APPELLEE.

[Cite as Cogswell Hall, Inc. *v.* Kinney (1987), 30 Ohio St. 3d 43.]

(No. 86-756—Decided April 15, 1987.)

*John Howland,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* The issue before us is whether the property in question "is used exclusively for charitable purposes" pursuant to R.C. 5709.12, so as to be exempt from taxation.[1]

The case controlling here is *Philada Home Fund* v. *Bd. of Tax Appeals* (1966), 5 Ohio St. 2d 135, 34 O.O. 2d 262, 214 N.E. 2d 431, the syllabus of which is as follows:

"Real property owned by a nonprofit charitable corporation the stated purpose of which is to secure and operate resident apartments for aged and needy persons is not exempt from taxation under Section 5709.12, Revised Code, even though it is shown that the rent intended to be charged is at or below cost, and in no event to result in a profit, and that it is expected that some persons unable to pay the full rental will be assisted by subventions from corporate funds."

The facts herein preclude the applicability of this statutory exemption. Nevertheless appellant would have us overrule *Philada.* To do so would be to abandon the long-standing exclusive-use rule. That rule, succinctly reiterated in *National Church Residences* v. *Lindley* (1985), 18 Ohio St. 3d 53, 18 OBR 87, 479 N.E. 2d 870, which approved *Philada,* at 55, 18 OBR at 89, 479 N.E. 2d at 873, "* * * is that the furnishing of low-cost housing at or below market prices, where residents pay a part or all of their rental costs, is not, in and of itself, an exclusive use of the property for charitable purposes." We decline to abandon such rule, which arose from our function of judicial interpretation, and any change thereof is, of course, the

---

[1] We note that appellant does not raise any claim for exemption of such property under R.C. 5709.12 as a "* * * home for the aged, as defined in section 5701.13 of the Revised Code * * *." R.C. 5701.13 sets forth detailed criteria necessary to qualify for tax-exempt status as a "home for the aged," which include the availability of medical, nursing and additional services for full care. The absence of such services here is the obvious reason that no claim for exemption under R.C. 5709.12 is urged by appellant.

prerogative of the General Assembly. At the same time we endorse the Board of Tax Appeals' statement that, "* * * [we admire] the appellant's intent and dedication, and we commend its benevolence and kindness toward women in need. * * *"

Accordingly, we hold that R.C. 5709.12 was neither unreasonably nor unlawfully construed by the board in the instant case and we therefore affirm its decision.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., concur in judgment only.

LOCHER, J., concurring in judgment only. I recognize that the instant case does not involve any claim for exemption of the property in question under R.C. 5709.12 as a "* * * home for the aged, as defined in section 5701.13 of the Revised Code * * *." However, I also recognize that the average age of the residents at Cogswell Hall is between seventy-eight and eighty years.

Thus, I concur separately for the reasons expressed in my concurrence in part and dissent in part in *Ohio Presbyterian Homes* v. *Kinney* (1984), 9 Ohio St. 3d 90, 96, 9 OBR 319, 324, 459 N.E.2d 500, 505. I once again strongly urge the legislature to weigh the results of today's decision against the contributions of this state's senior citizens and remedy the technicalities that negate the debt we owe to them.

WRIGHT, J., concurs in the foregoing opinion.